1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

9
10
11
12

CAROL LUCARELLI, special administratrix of
the estate of TSOSIE JUNE SR., deceased;
TINA JUNE; SARAH JUNE; TSOSIE JUNE,
JR.; RONALD JUNE; ROBERT JUNE;
JASON JUNE; NATHAN JUNE; and GINA
JUNE, surviving heirs of TSOSIE JUNE, SR.,
deceased,

13

Plaintiffs,

14

vs.

15
16

TRC FOUR CORNERS DIALYSIS CLINICS,
LLC; DOES 1 through 50, inclusive; ROE
CORPORATIONS 1 through 50, inclusive,

17

Defendants.

18

Case No.: 2:07-cv-1010-RLH-PAL

**O R D E R**

(Motion to Dismiss–#4; Motion to
Remand–#6; Motion to Stay–#8; Motion to
Transfer–#16; Motion to Strike–#23)

19      Before the Court is Defendant TRC Four Corners Dialysis Clinics, LLC's **Motion**

20  **to Dismiss** (#4), filed August 7, 2007.  The Court has also considered Plaintiffs Carol Lucarelli,

21  special administratrix of the estate of Tsosie June, Sr., deceased, and the above-named surviving

22  heirs' Opposition (#8), filed August 27, 2007, and Defendant's Reply (#12), filed September 7,

23  2007.

24      Also before the Court is Plaintiffs' **Motion to Remand** (#6), filed August 27, 2007.

25  The Court has also considered Defendant's Opposition (#14), filed September 11, 2007; Plaintiffs'

26  Reply (#15), filed September 25, 2007; and Plaintiffs' Errata (#18), filed October 15, 2007.

AO 72
(Rev. 8/82)

1                  Also before the Court is Plaintiffs' **Motion to Stay** (#8), filed August 27, 2007.

2    The Court has also considered Defendant's Response (#13), filed September 11, 2007.

3                  Also before the Court is Defendant's **Motion to Transfer** (#16), filed September

4    26, 2007.  The Court has also considered Plaintiffs' Opposition (#17), filed October 8, 2007, and

5    Defendant's Reply (#19), filed October 19, 2007.

6                  Also before the Court is Defendant's **Motion to Strike** (#23), filed November 7,

7    2007.  The Court has also considered Plaintiffs' Opposition (#27), filed November 19, 2007, and

8    Defendant's Reply (#28), filed November 30, 2007.

9                                                **BACKGROUND**

10                 This case is one of at least thirty-two lawsuits filed by separate plaintiffs in Nevada

11   state court based on allegations of Defendant's negligent operation of hemodialysis treatment

12   facilities.  Defendant removed at least fifteen of these lawsuits to the United States District Court

13   for the District of Nevada on the basis of diversity of citizenship.  Of the thirty-two lawsuits, only

14   two plaintiffs actually received treatment in Nevada.  In the instant case, Plaintiffs are Arizona

15   citizens and the decedent, Tsosie June, Sr., received his dialysis treatments in Arizona.  Defendant

16   is a New Mexico corporation with its principal place of business in California.  For the reasons set

17   forth below, the Court denies Plaintiffs' Motion to Remand and grants Defendant's Motion to

18   Transfer.  As such, Plaintiffs' Motion to Stay and Defendant's Motion to Dismiss and Motion to

19   Strike are denied as moot.

20                                            **DISCUSSION**

21   **I.    Motion to Remand**

22                 Plaintiffs move the Court for an order remanding this case to the Eighth Judicial

23   District Court for the State of Nevada.  28 U.S.C. § 1441 permits a defendant to remove a state

24   court action if the federal district court has original jurisdiction.  A defendant invoking the removal

25   statute bears the burden of establishing jurisdiction, and the statute is strictly construed against

26   removal.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

AO 72
(Rev. 8/82)

1    Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

2    removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  But while a

3    federal court "will not take jurisdiction if it should not . . . it is equally true, that it must take

4    jurisdiction if it should." *Cohens v. Virginia*, 19 U.S. (1 Wheat) 264, 404 (1821).  Thus, a district

5    court with proper jurisdiction lacks discretion to remand.  *See Carnegie-Mellon Univ. v. Cohill*,

6    484 U.S. 343, 356 (1988).

7              Defendant removed this case from Nevada state court based on diversity of

8    citizenship.  *See* 28 U.S.C. § 1332(a).  Plaintiffs do not dispute this Court's jurisdiction or the

9    procedural validity of removal; rather, they argue that Defendant waived the right to remove this

10   case because of its state-court actions in other lawsuits.

11             "A party, generally the defendant, may waive the right to remove to federal court

12   where, after it is apparent that the case is removable, the defendant takes actions in state court that

13   manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a

14   federal forum." *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).

15   "A waiver of the right to removal must be clear and unequivocal." *Id.* (citations and internal

16   quotations omitted).  "In general, the right of removal is not lost by action in the state court short

17   of proceeding to an adjudication on the merits." *Id.* (citations and internal quotations omitted).

18             The Court begins by noting that waiver is an exception to its duty "to adjudicate a

19   controversy properly before it." *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188

20   (1959).  Waiver in this case must be based on Defendant's affirmative conduct in the state court in

21   this case.  The record establishes that Plaintiffs filed this case in state court on June 14, 2007, and

22   served Defendant with the Complaint on July 3, 2007.  Defendant timely removed this case on

23   July 31, 2007.  Plaintiffs submit no evidence that Defendant took any action other than to file

24   notice of removal.  Instead, Plaintiffs contend that the conduct of Defendant's parent corporation

25   in other, similar cases in state court constitutes waiver.  They argue that the other, similar cases

26   were consolidated in state court and that if this case were remanded, it would also be subject to the

AO 72
(Rev. 8/82)

1    consolidation. Consequently, because the cases would presumably be consolidated, Plaintiffs

2    claim that the actions in the other cases should be imputed to this one. Plaintiffs' argument,

3    however, ignores the reality that this is a separate case involving a distinct plaintiff and facts.

4            The Court finds the would-be state court consolidation irrelevant to its

5    determination of whether Defendant properly removed this case to federal court, and Defendant's

6    conduct in the other cases cannot waive its right to remove in this case. The Court recognizes that

7    consolidating this case in the state court might promote efficiency and a conservation of judicial

8    resources,[1] but those considerations are secondary to the Court's duty to exercise its jurisdiction

9    and Defendant's right to proceed in a federal forum. Moreover, efficiency considerations alone

10    cannot justify remand. *See Thermatron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)

11    ("That justice may move more slowly in some federal courts than in their state counterparts is not

12    one of the considerations that Congress has permitted the district courts to recognize in passing on

13    remand issues."), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706,

14    714–15 (1996).

15            Further, the Court notes that if it were to follow Plaintiffs' reasoning and remand

16    this case, the Court would essentially eviscerate Defendant's right to remove to federal court in all

17    future hemodialysis-related cases filed against it—regardless of the plaintiff. None of the cases

18    cited by Plaintiffs contemplates such an expansive and far-reaching result. The Court is also

19    aware that such a result would most substantially benefit Plaintiffs' *counsel*. Of the thirty plus

20    cases filed thus far—and more are purportedly on the way—only two involve plaintiffs from

21    Nevada. The Court views this Motion as an improper attempt by Plaintiffs' counsel to retain

22

23 _____

24       [1] The Court notes, however, that while the consolidated cases involve similar tort claims against related defendants, proceeding in a common forum would not necessarily be

25    more efficient. The evidence and witnesses are located in several different states, and at minimum, each plaintiff will need to uniquely prove causation and his or her damages.

26    Causation and damages are significant issues given that each plaintiff was already seriously ill before receiving dialysis treatments in Defendant's clinics.

1  control over a plethora of cases that most appropriately belong in other forums, *see* Part II, and the
2  Court is not inclined to assist in such an endeavor.

3      Accordingly, Plaintiffs' Motion to Remand is denied.

4  **II.    Motion to Strike and Motion to Stay**

5      Because the Court denies the Motion to Remand, Defendant's Motion to Strike
6  Plaintiffs' Errata to its Motion to Remand and Plaintiffs' Motion to Stay are denied as moot.

7  **III.    Motion to Transfer**

8      Defendant moves the Court to transfer this case to the District of Arizona pursuant
9  to 28 U.S.C. § 1404(a).  Section 1404(a) permits a district court to transfer any civil action to any
10  other district or division where the action might have been brought for the convenience of the
11  parties and witnesses and in the interests of justice.  "To support a motion for transfer, the moving
12  party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is
13  one where the action might have been brought; and (3) that the transfer will serve the convenience
14  of the parties and witnesses and will promote the interest of justice."  *Goodyear Tire & Rubber*
15  *Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

16      **A.    Venue in the District of Nevada**

17      Defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(a), which
18  provides: "any civil action brought in a State court of which the district courts of the United States
19  have original jurisdiction, may be removed . . . to the district court of the United States for the
20  district and division embracing the place where such action is pending."  Here, Plaintiffs filed this
21  case in Clark County; this Court embraces Clark County and is therefore the proper venue for
22  removal.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).

23      **B.    Propriety of Action in the District of Arizona**

24      "In determining whether an action might have been brought in a district, the court
25  looks to whether the action initially could have been commenced in that district."  *Hatch v.*
26  *Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  Plaintiffs could have commenced this action

AO 72
(Rev. 8/82)

1   in the District of Arizona if that court would have had subject matter jurisdiction over the claims

2   and personal jurisdiction over the Parties.

3          Pursuant to 28 U.S.C. § 1332, Plaintiffs could have brought this action in the

4   District of Arizona under diversity jurisdiction because the Parties are diverse and the amount in

5   controversy exceeds $75,000.  Mr. June was an Arizona citizen at the time of his death, and thus

6   Carol Lucarelli, special administratrix of June's estate, is deemed a citizen of Arizona.  *See* 28

7   U.S.C. § 1332(c).  Moreover, Defendant asserts that the surviving heirs of June's estate are also

8   Arizona citizens, and Plaintiff does not contest that assertion.  Defendant is incorporated in New

9   Mexico and maintains its principal place of business in California.  Accordingly, the Parties are

10  diverse as required by § 1332.  Also, Defendants have shown that Plaintiffs seek damages for loss

11  of support, companionship, society, consortium, and pain and suffering caused by Tsosie June,

12  Sr.'s death, as well as special damages for medical care, treatment, burial and funeral expenses,

13  and punitive damages, which exceed the $75,000 threshold.  Therefore, the District of Arizona

14  would have original jurisdiction over this action.

15         In addition, the District of Arizona would have personal jurisdiction over the

16  Defendant.  Arizona's long-arm statute "permits the exercise of personal jurisdiction to the extent

17  allowed by the due process clause of the United States Constitution."  *Ochoa v. J.B. Martin &*

18  *Sons Farms, Inc.*, 287 F.3d 1182, 1188 (9th Cir. 2002) (citing Ariz. R. Civ. P. 4(e)(2)).  "[D]ue

19  process requires only that in order to subject a defendant to [suit] if he be not present within the

20  territory of the forum, he have certain minimum contacts with it such that the maintenance of the

21  suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v.*

22  *Washington*, 326 U.S. 310, 316 (1945).  Defendant's contacts would provide Arizona with general

23  personal jurisdiction.  Defendant operates a hemodialysis facility in Tuba City, Arizona, where it

24  employs Arizona citizens and is subject to Arizona taxation.  Thus, subjecting Defendant to

25  jurisdiction in the District of Arizona would not violate due process.

26

AO 72
(Rev. 8/82)

1    Consequently, Plaintiff could have brought this action originally in the District of

2    Arizona because the Arizona federal court would have original jurisdiction over the claims and

3    personal jurisdiction over the Parties.

4    **C.    Convenience of the Parties and the Interests of Justice**

5    In considering the convenience of the parties and witnesses and the interests of

6    justice, courts evaluate: (1) the location where the alleged harm occurred, (2) the state that is most

7    familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties'

8    contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen

9    forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

10   compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access

11   to the evidence, and (9) the relevant public policy of the forum state.  *Jones v. GNC Franchising,*

12   *Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

13   Here, the convenience of the Parties and witnesses and the interests of justice favor

14   transferring this case to the District of Arizona.  Mr. Tsosie June, Sr. received treatments in Tuba

15   City, Arizona at Defendant's hemodialysis facility.  The evidence and witnesses of his treatments,

16   including the doctors and nurses who treated him, are all located in Arizona.  As such, compulsory

17   process would be unavailable to secure their attendance in Nevada.  Moreover, the costs of

18   litigation would be substantially greater because the attorneys and witnesses would be forced to

19   travel for discovery and trial.  Arizona also has the most significant relationship to this case, and

20   consequently, Arizona tort law applies.  *See Gen. Motors Corp. v. Eighth Judicial Dist. Court*, 134

21   P.3d 111, 116 (Nev. 2006).  Thus, a federal court in Arizona would be more familiar with the law

22   of this case.  In addition, while Plaintiffs chose to file this suit in Nevada, the "operative facts" of

23   the case did not occur in Nevada, and so Plaintiffs' preference "is entitled to only minimal

24   consideration."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Finally, the Court is unaware

25   of any Nevada public policy that favors retaining a Nevada venue when the only connection with

26   the state is Plaintiffs' counsel.

AO 72
(Rev. 8/82)

1    In sum, the Court finds that venue is proper in the District of Nevada, that this

2   action could have originally been brought in the District of Arizona, and that the convenience of

3   the Parties and witnesses and the interests of justice favor transferring this case.  Accordingly, the

4   Court grants Defendant's Motion to Transfer.

5   **IV.    Motion to Dismiss**

6    Because the Court grants Defendant's Motion to Transfer, it denies Defendant's

7   Motion to Dismiss as moot.

8   **CONCLUSION**

9    Accordingly, and for good cause appearing,

10    IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#4) is DENIED

11   as moot.

12    IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (#6) is DENIED.

13    IT IS FURTHER ORDERED that Plaintiffs' Motion to Stay (#8) is DENIED as

14   moot.

15    IT IS FURTHER ORDERED that Defendant's Motion to Transfer (#16) is

16   GRANTED.

17    IT IS FURTHER ORDERED that Defendant's Motion to Strike (#23) is DENIED

18   as moot.

19    The Court orders the case transferred to the District of Arizona.

20

21    Dated: January 8, 2008.

22

23   _____

24   **ROGER L. HUNT**
     **Chief United States District Judge**

25

26